**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4801**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN NOL-TERRON, a/k/a Ariel Molina Hernandez,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cr-00113-WO-2)

Submitted:  April 29, 2013          Decided:  May 24, 2013

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd Allen Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Nol-Terron, a/k/a Ariel Molina Hernandez, pled guilty to possessing five or more false identification documents in violation of 18 U.S.C.A. §§ 1028(a)(3), (b)(2)(B) (West 2000 & Supp. 2012), 18 U.S.C. § 2 (2006) (Count 4), and to illegal reentry of an aggravated felon in violation of 8 U.S.C. § 1326(a) (2006) (Count 5). On appeal, Nol-Terron asks whether the district court erred at his sentencing hearing by ruling that the two offenses to which he pled guilty were not related counts under U.S. Sentencing Guidelines Manual ("USSG") § 3D1.2 (2011). Nol-Terron argues that, because his two offenses should have been grouped under USSG § 3D1.2, he should not have received a two-level multiple count adjustment under USSG § 3D1.4. For the reasons that follow, we affirm.

Grouping decisions are reviewed for clear error. As United States v. Pitts, 176 F.3d 239 (4th Cir. 1999). The Sentencing Guidelines provide that if a defendant is convicted of multiple counts "involving substantially the same harm," the counts "shall be grouped together." USSG § 3D1.2. Counts implicate substantially the same harm when they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." USSG § 3D1.2(b). Here, the district court found that there were two different victims or goals to be

2

protected, i.e. the immigration offense (Count 5) was intended to protect national borders whereas the identification offense (Count 4) was intended to protect society's interest in the integrity of various identification documents. (J.A. 81-82). We find no clear error in the district court's above finding. Pitts, 176 F.3d at 244.

Accordingly, we affirm Nol-Terron's sentence. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED